FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 2 2 2009

JAMES N. HATTEN, CLERK
By:
_Brannon_ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

JOHN STEVE JOHNSON and
SHEILA R. JOHNSON, on behalf of
and as next friend of their daughter,
B.J., a minor, Individually,

      Plaintiff,

v.

DR. FRANK C. STEELE, DR. HEIDI H.
CHUN, and EAGLE'S LANDING FAMILY
PRACTICE, INC.,

      Defendants.

CIVIL ACTION NO.

**1:09-CV-1992**

**-CAM**

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND COMPLAINT FOR COMPENSATORY DAMAGES FOR INTENTIONAL VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

COMES NOW, JOHN STEVE JOHNSON and SHEILA R. JOHNSON, on

behalf of and as next friend of their minor daughter, B.J., Plaintiff, and files this

Complaint for Permanent Injunctive Relief and for Compensatory Damages and

shows the court as follows:

## FACTS COMMON TO ALL COUNTS

1.

Plaintiff B.J. is subject to the venue and Jurisdiction of this court by virtue of filing this action.

2.

Defendant Dr. Frank C. Steele, hereinafter "Steele," is subject to the jurisdiction and venue of this Court. This Defendant may be served a summons and a copy of this complaint at 145 Eagles Walk, Suite A, Stockbridge, Georgia 30281.

3.

Defendant Dr. Heidi H. Chun, hereinafter "Chun," is subject to the jurisdiction and venue of this Court. This Defendant may be served a summons and a copy of this complaint at 145 Eagles Walk, Suite A, Stockbridge, Georgia 30281.

4.

Defendant, Eagles Landing Family Practice, Inc., hereinafter "Eagles Landing," may be served a summons and a copy of this complaint by serving its registered agent, Jeff Mitchum, at 145 Eagles Walk, Suite A, Stockbridge, Georgia 30281.

5.

Plaintiff B.J., born May 24, 1992, is a seventeen-year old female with a complicated medical history resulting in physical impairments that substantial limit one or more of her major life activities, including her ability to verbally communicate to others.

6.

As a result, Plaintiff B.J. is an "individual with a disability" within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181), hereinafter the "Act," as defined under 28 CFR §36.104.

7.

As an individual with a disability, Plaintiff B.J. requires an auxiliary aid or service, such as a qualified interpreter or other means of effective communication, when being seen by a physician.

8.

Defendant Steele is a "healthcare provider" within the meaning of the Act, under 28 CFR §36.104.

9.

Defendant Chun is a "healthcare provider" within the meaning of the Act under

28 CFR §36.104.

10.

Defendant Eagles Landing is a "place of public accommodation" as defined under 28 CFR §36.104 of the Act, and as such, is required to provide an individual with a disability with an "auxiliary aid or service," as defined under 28 CFR §36.303, to ensure effective communication.

COUNT ONE - COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AS TO DEFENDANT STEELE

11.

Plaintiff B.J. reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 10, as if fully set forth herein.

12.

Defendant Steele, as a healthcare provider in a professional office, is required under the Act to provide individuals with a disability an auxiliary aid or service to ensure effective communication, under 28 CFR §36.303(c).

13.

Defendant Steele violated the Act by repeatedly refusing to provide Plaintiff

B.J., an individual with a disability, with an auxiliary aid or service to ensure effective communication for her scheduled medical appointments.

14.

Injunctive relief enjoining Defendant Steele from refusing to provide an auxiliary aid or service to ensure effective communication to Plaintiff B.J. is necessary to prevent irreparable harm or injury to her.

## COUNT TWO - COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AS TO DEFENDANT CHUN

15.

The Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 10, as if fully set forth herein.

16.

Defendant Chun, as a healthcare provider in a professional office, is required under the Act to provide individuals with a disability an auxiliary aid or service to ensure effective communication, under 28 CFR §36.303(c).

17.

Defendant Chun violated the Act by refusing to provide Plaintiff B.J., an

individual with a disability, with an auxiliary aid or service to ensure effective

communication for her scheduled medical appointment.

18.

Injunctive relief enjoining Defendant Chun from refusing to provide an

auxiliary aid or service to ensure effective communication to Plaintiff B.J. is

necessary to prevent irreparable harm or injury to her.

COUNT THREE - COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AS

TO DEFENDANT EAGLES LANDING

19.

The Plaintiff reincorporates and re-alleges all of the facts set forth above in

paragraphs 1 through 10, as if fully set forth herein.

20.

Defendant Eagles Landing, as a public accommodation is required to provide

auxiliary aids or services where necessary to ensure effective communication with

individuals with disabilities under 28 CFR §36.303(c).

21.

Defendant Eagles Landing violated the Act by repeatedly refusing to

provide Plaintiff B.J., an individual with a disability, with an auxiliary aid or

service to ensure effective communication for her scheduled medical appointment.

22.

Injunctive relief enjoining Defendant Eagles Landing from refusing to

provide an auxiliary aid or service to ensure effective communication to Plaintiff

B.J. is necessary to prevent irreparable harm or injury to her.

COUNT FOUR - COMPLAINT FOR COMPENSATORY DAMAGES AS TO

DEFENDANT STEELE

23.

The Plaintiff reincorporates and re-alleges all of the facts set forth above in

paragraphs 1 through14, as if fully set forth herein.

24.

Defendants were notified in advance of Plaintiff B.J.'s appointments of her

status as an individual with a disability requiring a qualified interpreter or other

auxiliary aid or service to facilitate effective communication with her healthcare

providers. Attached hereto as Exhibits "A" through "C" are several correspondences,

dated December 23, 2008, March 27, 2009, and April 3, 2009, respectively, that

evidence notification to Defendants of said requirement.

25.

Despite both being told that he was required by law to provide this service and his purported acquiescence to do so, Defendant Steele was deliberately indifferent to the needs of Plaintiff B.J. and wilfully refused to provide a qualified interpreter or other auxiliary aid or service to facilitate communication with her.

26.

This action of Defendant Steele constitutes intentional discrimination and entitles Plaintiff B.J. to compensatory damages in an amount to be proven at trial.

## COUNT FIVE - COMPLAINT FOR COMPENSATORY DAMAGES AS TO DEFENDANT CHUN

27.

The Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through10 and paragraphs 15 through 18, as if fully set forth herein.

28.

Defendants were notified in advance of Plaintiff B.J.'s appointments of her status as an individual with a disability requiring a qualified interpreter or other

auxiliary aid or service to facilitate effective communication with her healthcare providers. Attached hereto as Exhibits "A" through "C" are several correspondences, dated December 23, 2008, March 27, 2009, and April 3, 2009, respectively, that evidence notification to Defendants of said requirement.

29.

Despite said notification, Defendant Chun was deliberately indifferent to the needs of Plaintiff B.J. and wilfully refused to provide a qualified interpreter or other auxiliary aid or service to facilitate effective communication with her.

30.

This action of Defendant Chun constitutes intentional discrimination and entitles Plaintiff B.J. to compensatory damages in an amount to be proven at trial.

## COUNT SIX - COMPLAINT FOR COMPENSATORY DAMAGES AS TO DEFENDANT EAGLES LANDING

31.

Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 10 and paragraphs 19 through 22, as if fully set forth herein.

32.

Defendants were notified in advance of the Plaintiff B.J.'s appointments of her status as an individual with a disability requiring a qualified interpreter or other auxiliary aid or service to facilitate effective communication with her healthcare providers. Attached hereto as Exhibits "A" through "C" are several correspondences, dated December 23, 2008, March 27, 2009, and April 3, 2009, respectively, that evidence notification to Defendants of said requirement.

33.

Despite both being told that it had to provide this service and its purported acquiescence to do so, Defendant Eagles Landing was deliberately indifferent to the needs of Plaintiff B.J. and wilfully refused to provide a qualified interpreter or other auxiliary aid or service to facilitate communication with her.

34.

This action of Defendant Eagles Landing constitutes intentional discrimination and entitles Plaintiff B.J. to compensatory damages in an amount to be proven at trial.

## COUNT SEVEN - ATTORNEY'S FEES AND EXPENSES OF LITIGATION AS

## TO DEFENDANT STEELE

### 35.

Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 14 and paragraphs 23 through 26, as if fully set forth herein.

### 36.

Defendant Steele, as a healthcare provider under the Act, has acted in bad faith and has caused Plaintiff B.J. unnecessary trouble and expense.

### 37.

Therefore, Plaintiff B.J.  is entitled to an award of reasonable expenses pursuant to 28 CFR § 36.505.

## COUNT EIGHT - ATTORNEY'S FEES AND EXPENSES OF LITIGATION AS

## TO DEFENDANT CHUN

### 38.

Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 10, paragraphs 15 through 18, and paragraphs 27 through 30, as if fully set forth herein.

39.

Defendant Chun, as a healthcare provider under the Act, has acted in bad faith and has caused the Plaintiff unnecessary trouble and expense.

40.

Therefore, the Plaintiff is entitled to an award of reasonable expenses pursuant to 28 CFR § 36.505.

## COUNT NINE - ATTORNEY'S FEES AND EXPENSES OF LITIGATION AS TO DEFENDANT EAGLES LANDING

41.

Plaintiff reincorporates and re-alleges all of the facts set forth above in paragraphs 1 through 10, paragraphs 19 through 22, and paragraphs 31 through 34, as if fully set forth herein.

42.

Defendant Eagles Landing, as a public accommodation under the Act, has acted in bad faith and has caused the Plaintiff unnecessary trouble and expense.

43.

Therefore, the Plaintiff is entitled to an award of reasonable expenses

pursuant to 28 CFR § 36.505.

WHEREFORE, the Plaintiff prays:

a.   that an injunction be granted Ordering the Defendants to provide the

services of a qualified interpreter or other appropriate auxiliary aid or

service for all future appointments,

b.   that she be awarded a judgment against Defendants for compensatory

damages in such amount as may be proven at trial;

c.   that she be awarded attorney's fees and expenses for the bringing of

this action;

d.   that she be granted a jury trial; and

e.   that she be awarded such other and further relief as is just and

equitable under the circumstances of this action.

Submitted this $21$ day of July, 2009.

**(Signature on following page.)**

**POWER, COOPER & JAUGSTETTER, P.C.**

Patrick D. Jaugstetter
Georgia Bar Number 389680
Attorney for Plaintiff


**POWER, COOPER & JAUGSTETTER, P.C.**
108 Atlanta Street
P.O. Box 70
McDonough, Georgia  30253
Telephone (770) 957-1765
Facsimile (770) 957-1065
pjaugstetter@powercooperlaw.com